ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY *v.* WAGGONER.

Opinion delivered April 27, 1914.

1. NEGLIGENCE—EXPLOSIVE—CHILD—CONTRIBUTORY NEGLIGENCE.—A child of ten years dropped a lighted match into an empty alcohol barrel on defendant railway's platform. *Held,* it is proper to refuse to charge the jury, as a matter of law, that the act of the child was the proximate cause of the injury. (Page 599.)

2. NEGLIGENCE—EXPLOSIVE—INJURY TO CHILD.—Negligence in unnecessarily having an explosive exposed so that children could have access to it, would be the proximate cause of an injury resulting therefrom, under circumstances which showed that the act of the child in setting off the explosive was the natural sequence of antecedent events, and ought to have been anticipated by any person of ordinary prudence. (Page 601.)

3. Negligence—explosion—injury to child.—Defendant railway transported as freight an empty alcohol barrel. Under the rules of the company there was no duty on it to place a tag on the barrel noting that it contained explosives, and the agent at the place of destination was under no duty to know what the barrel formerly contained. Plaintiffs, children under ten years, while playing about the platform, dropped a lighted match into the barrel, causing it to explode and injuring them. *Held,* the empty barrel was not an agency so attractive to children as to place on the railroad company the duty of anticipating the occurrence of such an accident, and that the railroad company was not responsible for damages resulting from the explosion. (Page 601.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

On the 27th day of September, 1912, C. J. Lincoln Company shipped over appellant's line of railway an empty alcohol barrel to Walter Priest, who lived at Ward, a station on appellant's line. There was nothing on the waybill to show that the barrel had had inflammables in it. The barrel was sent by the shipping clerk of C. J. Lincoln Company to the depot of appellant company at Little Rock, and it was received there by the appellant and shipped over its line to Ward. It arrived at Ward on the 28th. Appellant's local crew unloaded it and set it out on the end of the platform and gave the station agent at Ward the billing for it. The barrel would have been put on the platform and would have remained there the same as it did if it had been a full barrel of alcohol.

The bill of lading had stamped on it "No Label Required." This, according to the regulation of the appellant, was to be stamped on bills of lading whenever the shipment did not require a label. A red caution label is required on inflammables. The shipper is required to put the red label on a shipment that contains inflammables, and the bills of lading for shipments that require a red caution label to be put on them would have to be stamped as follows: "Red Label Required." The purpose of putting that stamp on the bills of lading was to instruct the railroad officials as to what class of goods

were being shipped. The red label was not required by the regulation of appellant on an empty barrel. If the article had required it, the bill of lading would have been stamped, "Red Label Required."

The appellant's shipping clerk stated on the bill of lading that no label was required because that was a fact as to the shipment of an empty barrel. A red label had been put on this barrel when it was shipped to Lincoln company as a full barrel. The fact that the red label was put on the barrel was an evidence that the barrel had contained inflammables at some time. The shipping clerk who made out the bill of lading did not see the barrel. He billed it out as it was reported to him by the shipping clerk of the Lincoln company, as an empty barrel. The waybill was made by the billing clerk of the appellant from the bill of lading containing the description of the article as given by the shipping clerk of the party who was billing the article for shipment. The waybill is delivered by the agent who ships the goods to the conductor and follows the article through to destination. The receiving agent at Ward never examined the barrel. They didn't examine empty barrels like the one that was shipped in this instance. If the waybill had been marked "Inflammable Liquid" or "Red Label" stuff it would have given the agent at Ward notice of the dangerous character of the shipment. In this instance there was nothing calling the receiving agent's attention to the barrel as having explosives in it or as being dangerous. The agent never noticed it.

On the bottom of the barrel, or the end on which it was standing, was a red tag, which was as follows: "Caution: Inflammable Liquid. Keep Away From Fire, Stoves, Radiators, Lighted Matches, Lanterns and Direct Sunlight. Any Leaking Package Must Be Removed to a Safe Place."

On the 28th of September, A. C. Waggoner went to the station at Ward to take a train for Judsonia. His wife and two boys, Neal and Paul, accompanied him to the station. While he was in the waiting room the boys

were playing on the station platform around the empty barrel. The barrel was sitting on its end. It had a half-inch cork stopper in a hole in the end of the barrel that protruded about half an inch out of the hole. When the stopper was pulled out it made a hissing sound. It was sitting in the sun, and it was warm in the sun. The boys would blow their breath in the barrel and it would blow back on them. One of the boys said, "Stick a match to it," whereupon a match was given to Neal Waggoner. He asked some of the boys if it would hurt him and they said no. He then struck the match and started to stick it in the barrel, when the explosion occurred, causing the injuries to Neal and Paul Waggoner, for which the appellee, A. C. Waggoner, in his own behalf as parent and as their next friend, brought this suit, alleging, substantially, negligence on the part of appellant in placing the barrel on the station platform and permitting it to remain there when the platform was thronged with children playing around the barrel; that children were accustomed to play around on the platform at appellant's passenger station, especially on Sundays, and that such fact was known to appellant; that the appellant knowingly left this barrel on the platform where the children were in the habit of frequenting and on and around which they were accustomed to play, and that appellant knew, or by the exercise of ordinary care should have known, that the barrel was a dangerous article and was attractive to children.

Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and also answered, denying the allegations of negligence set up in the complaint.

The court, over the objections of appellant, instructed the jury, in substance, that if the defendant left on its station platform a dangerous barrel, attractive to children, which it knew to be dangerous, or by the exercise of ordinary care should have known to be dangerous, and if the defendant left the barrel at a place and time

where and when children would congregate, and if the defendant, by the exercise of reasonable care, should have known that children would there congregate and play and would likely be attracted to and injured by said barrel, and if they further found that those children were attracted by said barrel, and while in the exercise of such care as children of their age and experience would exercise, did, in playing with the barrel, strike a match and cause the barrel to explode, thereby injuring them, then this would be such negligence on the part of defendant (appellant) as would render it liable to the plaintiffs in damages for the injuries which they had sustained.

The court gave, at the instance of appellant, instructions which told the jury, in effect, that if they believed from the evidence that the injuries to the plaintiffs by the explosion of the barrel could not have been reasonably anticipated or foreseen by the defendant as the natural and probable result of leaving the barrel on its station platform, then the defendant was not liable; and that if they believed from the evidence that the barrel was shipped as an empty barrel and was accepted as such by the defendant, and that the agent at Ward had no knowledge of the fact that the barrel had contained anything of an explosive character, and that he exercised the same degree of care with reference to the barrel as any other prudent person engaged in the same business and under the same circumstances would exercise with reference to an empty barrel, then the plaintiffs can not recover; and that if the defendant's employees had no knowledge or reasonable cause to believe that the empty barrel which had been used for inflammable liquids would contain explosive gas after it was empty of liquids, that defendant would not be liable for the explosion, and that the burden was upon the plaintiff to show that the defendant's employees did have such knowledge or reasonable cause of belief.

The appellant asked the court to instruct the jury that if the defendant railway company accepted the barrel for shipment as an empty barrel and had no knowl-

edge that it contained gas or other explosives, and that the barrel was exploded on account of a match being dropped in it by the plaintiff, that they should find for the defendant. The court refused this prayer, but gave one to the same effect, and over the objection of appellant, adding that, if the defendant had no knowledge, or by the exercise of ordinary care could not have had such knowledge, that the barrel contained gas or other explosives, then their verdict should be for the defendant.

The court further told the jury, at the request of appellant, that the mere fact that there was posted on the end of the barrel a caution notice would not of itself be sufficient to establish negligence against the defendant.

The court refused prayers for instructions presented by the appellant, telling the jury, in effect, that the appellees were bare licensees and that the appellant owed them no affirmative duty or care, but only owed them the duty not to wilfully or wantonly injure them; and also prayers to the effect that the lighting of the match was the proximate cause of the injury; and also refused to direct the jury to return a verdict in favor of appellant.

The above are substantially the facts upon which judgments in favor of appellees were rendered, and from which this appeal has been duly prosecuted.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellant.

1. The court erred in giving instructions 1 and 3 for plaintiff. They assumed that defendant either knew, or by the exercise of ordinary care should have known, that the barrel was dangerous, and that defendant owed some duty to the plaintiffs. The children were mere licensees without invitation and defendant owed them no duty save not to injure them wilfully. 197 Pa. St. 816; 40 L. R. A. (N. S.) 890; 86 Ark. 289; 87 *Id.* 576; 91 *Id.* 260; 104 *Id.* 59; 97 *Id.* 160; 90 Ark. 278; 55 *Id.* 428; 69 *Id.* 489; 92 S. W. 874; 115 N. Y. 55; 69 Ark. 489; 99 Va. 156; 55 Ark. 428.

2. It was error to modify request No. 2 for defendant. 88 Am. St. 833, and in refusing defendant's fifth request. 90 Ark. 285.

3. It is immaterial whether the children were old enough to be guilty of contributory negligence or not, if their own act was the proximate cause of the injury. 97 Ark. 160; 1 L. R. A. (N. S.) 822; 221 Ill. 579.

*Jas. B. Reed* and *Trimble & Trimble,* for appellees.

1. We find no error in the court's charge. It was a question for the jury whether defendant had knowledge of the danger, or by the exercise of ordinary care could have had such knowledge. 98 Ark. 72; 87 *Id.* 576.

2. The children were not trespassers. 98 Ark. 77.

Wood, J., (after stating the facts). The court was correct in refusing to tell the jury that the act of the appellee, Neal Waggoner, in lighting the match and placing the same over the barrel, was the proximate cause of the injury. Neal Waggoner was only ten years of age, and it would not be correct to say, as a matter of law, that one of such tender age was guilty of contributory negligence, or that his act, which was the immediate cause of the explosion, was a new and independent force producing the injury and the proximate cause thereof so as to relieve the appellant of liability, provided it was negligent in placing and leaving the empty alcohol barrel upon the platform of its station at Ward. In other words, if appellant was negligent in placing the barrel on its platform at Ward, then such negligence would be the proximate cause of the injury and appellant would be liable for such negligence, notwithstanding the act of the appellee Waggoner in striking the match which produced the explosion. See *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576; *St. Louis & S. F. Rd. Co.* v. *Williams,* 98 Ark. 72. In these cases the principle is recognized "that negligence in unnecessarily leaving an explosive exposed so that children could have access to it would be the proximate cause of an injury resulting

therefrom," under circumstances which showed that the act of the child in setting off the explosive was the "natural sequence of antecedent events and ought to have been anticipated by any person of ordinary care and prudence."

To sustain their judgments, appellees rely upon what is known as the doctrine of the turntable cases, which has often been approved by this court. The trial court correctly announced the law applicable to such cases, and if the facts bring the present case within that doctrine the judgments should be affirmed.

In the case of *St. Louis & S. F. Rd. Co.* v. *Williams, supra,* the Chief Justice, speaking for the court, succinctly stated the rule of the turntable cases as follows: "Where the owner permits to remain unguarded on his premises something dangerous which is attractive to children and from which an injury may reasonably be anticipated," he may be liable. See, also, the recent case of *Nashville Lumber Co.* v. *Busbee,* 100 Ark. 76-91, where the doctrine is reiterated.

As we view the record, the above doctrine has no application for the reason that, in our opinion, the undisputed evidence shows that appellant was not negligent in placing the empty alcohol barrel upon the platform of its station at Ward. The court told the jury that the mere fact that there was posted on the end of the barrel a caution notice would not of itself be sufficient to establish negligence against the defendant. This declaration of law was correct, because the undisputed evidence shows that the tag containing the caution was placed upon barrels that were filled with explosives for shipment and not upon empty barrels. The shipments of empty alcohol barrels, under the rules of the company, were not required to have caution tags placed upon them, and a tag placed upon such a barrel was no notice that such barrel was dangerous.

The undisputed evidence shows that the agent in charge of the station at Ward, where this barrel was set

upon the platform, did not know that it was explosive in character, and he had not even seen the tag that had been placed upon the barrel when it was an original shipment, full of alcohol. He could not have been expected to take notice of the cautionary tag, because such a tag was not required to be placed upon empty barrels.

There is no testimony to show that the agents and employees of appellant, who were charged with the duty of storing this barrel at its place of destination, had any knowledge that by exposure to the sun, through chemical processes, explosives would be produced and that such barrel would therefore be dangerous when exposed to children who might be in the habit of frequenting the station platform. Such knowledge the employees of the appellant would not be expected to have. It could not be reasonably anticipated that such dangerous agencies would be created under such circumstances, nor could it be reasonably anticipated that children, who are in the habit of frequenting the station platform, would extract the stopper from a barrel and play with the same or place a lighted match upon or within the same. These conditions and causes, we think, under the undisputed evidence, are entirely too remote and conjectural to be the basis for actionable negligence. It would not be reasonably anticipated by the servants of appellant having in charge the handling of the empty barrel that children would be attracted to it and would make a plaything out of it. In our opinion, there is nothing in the appearance or structure of an empty barrel, which is closed up at both ends, that is calculated to attract the attention of children in play, and the appellant, in the exercise of ordinary care, could not reasonably anticipate that an injury would result to appellees in the peculiar manner disclosed by the facts of this record.

As was aptly said in *Catlett* v. *Railway,* 57 Ark. 461, "The youth of the person injured will sometimes excuse him from concurring negligence, but no amount of youth-

ful recklessness can supply the place of proof of negligence on the part of a defendant sought to be charged on account of negligence."

There is no evidence to sustain the verdict, and the judgments are therefore reversed and the causes dismissed.