# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

FOSTER *v.* LUSK *et al.*, RECEIVERS ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

## Opinion delivered April 30, 1917.

1. NEGLIGENCE—INJURY TO CHILD—THING ATTRACTIVE TO CHILDREN.— Where the owner of land permits anything dangerous, which is attractive to children, and from which injury may be anticipated, to remain unguarded on his premises, he will be liable in damages, if a child, attracted to the place, is injured thereby.

2. NEGLIGENCE—INJURY TO CHILD—DEMURRER—SUFFICIENCY OF COMPLAINT.—An action was brought on account of injuries received by a child on defendants' premises. The complaint alleged that defendant had on its premises a sand pile attractive to children, and that an insecure stack of crossties piled near the sand created a dangerous situation, and that the maintenance of the same constituted negligence for which the defendant was liable, the crossties having fallen upon and injured the child aforesaid, while she was playing on the pile of sand. *Held*, a cause of action was stated in the complaint, and that it was error to sustain a demurrer to the complaint.

3. NEGLIGENCE—INJURY TO CHILD—INTERVENING CAUSE.—Under the facts stated above, the case is not altered by the fact that the ties were caused to fall on the injured child by the acts of other children playing about the piles of sand and ties. If the act of the other children was a natural thing to be anticipated in the ordinary course of the play of the children there, then it would not constitute an intervening cause, but the proximate cause of the injury would be the act of negligence in allowing the dangerous and attractive situation to exist.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*Wear & London* and *J. A. Gallaher,* for appellant.

The amended complaint stated a good cause of action and the demurrer should have been overruled. 60 Ark. 545; 70 *Id.* 331; 19 L. R. A. (N. S.) 1162; 79 N. E. 950. Where an owner permits anything dangerous which is attractive to children, and from which an injury may be anticipated, to remain unguarded on his premises, he will be liable if a child is attracted to the place and injured thereby. Cases *supra.* This case comes within the rule. The grossest negligence is shown.

*W. F. Evans* of Missouri and *B. R. Davidson,* for appellees.

1. The company was not liable, and the demurrer was properly sustained. 55 Ark. 510; 56 *Id.* 280; 60 *Id.* 333; 69 *Id.* 148-157; 79 *Id.* 353; 123 S. W. 1182; 69 *Id.* 380; 64 *Id.* 364-9; 62 *Id.* 235. Infants may be trespassers. 36 Ark. 39; 15 S. W. 1057; 110 *Id.* 329; 116 *Id.* 557; 4 Atl. 106-110; 70 *Id.* 826; 17 Wall. 657; 57 Ark. 461-5; 98 *Id.* 72, 77; 97 *Id.* 160. The turntable cases only apply where the machinery or thing itself is dangerous and attractive, and this does not constitute negligence *per se.* 97 Ark. 160; 39 S. E. 82; 67 Atl. 768; 83 N. E. 66; 104 N. W. 827; 116 S. W. 557.

2. The railroad did not put the ties on the track and was not liable. 36 S. W. 340; 120 Fed. 921; 93 Ark. 398; 98 Ark. 72; 77 *Id.* 551.

McCulloch, C. J. The plaintiff, Esther Foster, is an infant four years of age, and sues by her next friend to recover compensation for injuries alleged to have been sustained on account of the negligence of the receivers of the St. Louis & San Francisco Railroad Company in maintaining or permitting to be maintained on the premises of the company a dangerous condition, attractive to children, whereby the plaintiff received serious bodily injuries. The court sustained a demurrer to the complaint and dismissed the action, and the plaintiff has appealed.

The charge in the complaint is, in substance, that the defendants permitted the Hobart-Lee Tie Company to place crossties in piles or stacks on the right-of-way of the company at Rudy, Arkansas, a station on the line of said railroad, and that one of the stacks was, through negligence, constructed so that it was insecurely balanced and would easily topple over and fall; that said stack of ties was near a pile of sand placed on the right of way by the servants of the receivers for use in repair work, and that the pile of sand was very attractive to children, and did attract plaintiff and other children there to play; that the attractiveness of the sand pile and the danger of the situation with respect to its juxtaposition with the unevenly balanced stack of ties was known to the defendant, or could, by the exercise of ordinary care, have been known; and that the plaintiff was injured while playing in the sand pile, on account of the falling down of the stack of ties, one of the ties striking her and breaking her leg and inflicting other injuries. The complaint, omitting formal allegations, reads as follows:

"That on the 16th day of April, and for several weeks prior thereto, the defendant, Hobart-Lee Tie Company, by contract and by special permission and consent of the said James W. Lusk, W. C. Nixon and W. B. Biddle, as said receivers of said railroad company, did have piled or stacked up several hundred crossties in stacks or piles on the right of way of the said St. Louis & San Francisco Railroad in the town of Rudy, Crawford County, Arkansas, which ties were on the west side of the railroad track and about ten feet from the track near the railroad station in the town of Rudy. That the defendants" * * * "knew that said crossties were stacked on their right of way in the town of Rudy as aforesaid. That said Hobart-Lee Tie Company carelessly and negligently stacked one pile of said crossties so that they would fall and tumble down at the slightest touch by even children who might be playing around them, and left

them in that condition until after April 16, 1916, upon which date they fell or tumbled down and one or more of said ties fell upon plaintiff, Esther Foster, and painfully and seriously injured her by breaking her left arm and left leg and mashing and bruising her left side. That the defendants" * * * "knew that said stack of crossties was thus negligently and carelessly piled on their right of way at Rudy, Crawford County, Arkansas, and that they were liable to fall or tumble down and hurt some little child or children who might be attracted to play around them because said pile of crossties was stacked upon and near a sand pile, which sand pile attracted little children to play upon and on it, and which fact was known to said defendants. Said sand pile was placed there by defendants through their servants and representatives." * * * "That the defendants" * * * "well knew or should have known that children of immature years and judgment would be attracted to said stack of crossties to play around them as said stack of crossties were in the town of Rudy and near the depot and right out in front of the home of the section foreman, Si Combs, of the St. Louis & San Francisco Railroad Company, where he lived with his family, among whom were small children, who often played with other children, among whom was the plaintiff, Esther Foster, about, around and upon the right-of-way of said railroad company at that point and location, said children being attracted to play upon said right-of-way of said railroad company at that point and location because they were attracted to play there by a sand pile being situated upon said right-of-way of said railroad company at that point and location and said defendants were aware of the fact that small children were attracted to play there by reason of said sand pile being attractive to small children, and said defendants knew that small children did play there before they carelessly and negligently stacked said pile of crossties at that point in the manner aforesaid. That after said stack of crossties were thus piled up on the right-of-way of said railroad

company as aforesaid the plaintiff, Esther Foster, with the children of the section foreman, Si Combs, aforesaid, with other children, often played around said pile or stack of crossties, which was known and observed by all the defendants, their agents, servants and representatives." * * * "That on the 16th day of April, 1916, at about 5 o'clock p. m., while the plaintiff, Esther Foster, and her little sister, Ethel Foster, who is only six years old, and Andy Combs, son of the section foreman, Si Combs, who is about eight years old, were playing hide-and-seek around said stack of crossties, and while plaintiff was playing in the sand near said stack of crossties said stack of crossties tumbled or fell down, and one or more of said crossties fell upon plaintiff, Esther Foster, breaking her left arm," etc.

(1) The plaintiff's right to recover is predicated on the doctrine, so often announced by the courts, that where an owner permits anything dangerous, which is attractive to children, and from which injury may be anticipated, to remain unguarded on his premises, he will be liable if a child, attracted to the place, is injured thereby. That doctrine has been discussed in numerous decisions of this court, and several of them have applied it so as to allow recovery of damages. *Brinkley Car Co.* v. *Cooper,* 60 Ark. 545, 70 Ark. 331; *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576; *Arkansas Valley Trust Co.* v. *McIlroy,* 97 Ark. 160; *St. Louis & San Francisco Railroad Co.* v. *Williams,* 98 Ark. 72; *Nashville Lumber Co.* v. *Busbee,* 100 Ark. 76; *St. L., I. M. & S. Ry. Co.* v. *Waggoner,* 112 Ark. 593.

The doctrine was very thoroughly discussed with its limitations in those cases, and this court is committed to the rule that there may be a recovery where the facts of the case bring it within the rule. In the case of *Brinkley Car Co.* v. *Cooper,* the facts were that defendant operated a manufacturing plant by the use of steam power, and was accustomed, in cleaning out the boilers, to let the hot

water accumulate in a pool which was covered with bark and trash, and the plaintiff, a child, was attracted to the place and walked into the water and was burned. Judge RIDDICK, speaking for the court on the appeal reported in 70 Ark. 331, said:

"An owner of land has the right to use it for any lawful purpose, and this company had the right to operate its manufacturing plant and empty the hot water from its boilers on its own premises when it became necessary to do so, and before it can be made liable for an unintentional injury caused to a boy of six years of age by such hot water, two things are necessary: First, it must be shown that the company had notice that this boy or other children were likely to come upon its premises; and, second, that by reason of the concealed nature of the pool of water, or the want of notice on the part of the children of the condition of the water, injury to them ought reasonably to have been foreseen on the part of the company as a consequence of leaving the pool of water in that condition."

(2-3) It is alleged in the complaint that the sand was piled at the place by servants of the defendants; that it was calculated to attract, and did attract, children there to play, and that the ties were so negligently piled as to cause them to fall down and injure children while at play. In other words, it is alleged that the attractive sand pile and the insecure stack of ties in juxtaposition created a dangerous situation, the maintenance of which constituted negligence for which defendants are liable. It is unimportant to consider when and by whom the ties were piled there further than to determine the negligence of the defendants in failing to observe the dangerous condition and to anticipate the injury to children attracted there and guard against such injuries. The defendants are not responsible for the negligent act of the tie company in piling the ties insecurely, but their responsibility is for allowing the dangerous stack of ties to remain

there, if it was reasonably to be anticipated that children attracted by the pile of sand might be injured. Of that the jury should have been permitted to decide, for the facts stated in the complaint were, if established by evidence, sufficient to make out a case of culpable negligence on the part of the defendants. It can not be said as a matter of law that a pile of sand placed in a position described in the complaint would not be such an attraction to children that the owner of the premises should not take into consideration in allowing a dangerous agency to be placed contiguous thereto. Nor can it be said, as a matter of law, that the intervening act of other small children in touching the insecure pile of ties so as to cause it to fall and injure the plaintiff, broke the continuity of the alleged act of negligence of the defendant in permitting the dangerous situation to exist, so as to prevent the latter from being the proximate cause of the injury. If the act of the other children in playing around the ties was a natural thing to be anticipated in the ordinary course of the play of the children there, then it would not constitute the intervening cause, but the proximate cause of the injury would be the act of negligence in allowing the dangerous and attractive situation to exist. *Pittsburg Reduction Co.* v. *Horton, supra; St. L., I. M. & S. Ry. Co.* v. *Waggoner, supra.*

Our conclusion is that a cause of action is stated in the complaint and that the court erred in sustaining a demurrer.

Reversed and remanded with directions to overrule the demurrer.