SIMMONS *v.* AMERICAN RAILWAY EXPRESS COMPANY.

Opinion delivered February 7, 1921.

1.  CARRIERS—PENALTY FOR EXPRESS COMPANY'S FAILURE TO PAY DAM-
    AGES.—Under Acts 1905, p. 659, §§ 1, 2, imposing a penalty for
    failure of an express company to pay damages for lost goods
    within 20 days after notice of the loss or damages has been given,
    an express company is not liable for the penalty where the amount
    demanded in the notice exceeded by five cents the amount recov-
    ered for the loss or damage; the doctrine of *de minimis* not being
    applicable.

2.  CARRIERS—RECOVERY OF PENALTY.—Neither the right to recover
    the penalty nor the amount of the penalty recoverable under Acts
    1905, p. 659, is dependent on the value of the shipment.

3.  STATUTES—PENAL STATUTES STRICTLY CONSTRUED.—Penalty stat-
    utes are to be strictly construed, and no one can invoke the benefit
    of such a statute who does not bring himself strictly within its
    terms.

Appeal from Woodruff Circuit Court, Northern Dis-
trict; *J. M. Jackson,* Judge; affirmed.

*W. J. Dungan,* for appellants.

The court erred in its findings, and the judgment
should be reversed and judgment entered here for $235,
the penalty and costs. The act is not void, but consti-
tutional and valid.  90 Ark. 538; 207 U. S. 73; 204 *Id.*
311; 203 *Id.* 284; 205 *Id.* 60; 211 *Id.* 539; 8 Cyc. 1058-60.
See, also, 89 Ark. 496; 94 *Id.* 394.

*J. F. Summers,* for appellee.

1.  The act is void because contrary to section 1 of
the Fourteenth Amendment to United States Constitu-
tion, but, if constitutional, the record does not warrant
a recovery of the penalty.  94 U. S. 104; 207 *Id.* 73.

2.  The notice provided in the act is too short, com-
pelling a settlement without time or opportunity for
proper investigation.  207 U. S. 73; 165 *Id.* 150; 20 L. R.
A. (N. S.) 126.  See, also, 19 S. W. 910.

3.  The shipment being interstate, appellant can
not recover the penalty.  226 U. S. 491; 222 *Id.* 370.

4. Notice was not given as required by the act. The act must be strictly complied with. 69 Ark. 584. Furthermore, appellant can not recover because the amount for which he obtained judgment is less than his alleged claim. 224 U. S. 352; 92 Ark. 84; 93 *Id.* 84. The decision is in accord with the law.

SMITH, J. This cause was tried in the court below on an agreed statement of facts, from which it appears that the suit is one to recover a penalty on account of the failure of the express company to deliver to appellants, the consignees, and plaintiffs below, a case of eggs of the value of $15.90.

The suit was brought before a justice of the peace, and the penalty claimed amounts to $220. It is recited in the agreed statement of facts that written notice was given the express company of the nondelivery of the eggs, and payment of $15.95 was demanded in the notice on that account. Before the rendition of judgment in the justice court the express company tendered into court $15.90, the admitted value of the shipment, and $6 to cover the costs to the date of tender. The circuit court, on appeal, rendered judgment for the sum thus tendered, and denied the consignees' right to recover the statutory penalty.

The suit was brought under act 250 of the Acts of 1905, page 659. Section 1 of this act provides that all express companies organized or doing business under the laws of this State shall settle within twenty days with the owner of the goods after notice has been given for the damage or loss of goods incurred in transit on the lines of the express companies. Section 2 provides that any express company which shall fail or refuse to pay for the damages or loss of goods within twenty days after notice is given "shall be liable in damages to the owner of the goods to the amount of damages sustained or lost, and also the sum of two dollars for each day that they fail and refuse to settle after the twenty days' notice has been given."

The constitutionality of this act is attacked on several grounds. In addition, it is insisted that the consignees did not bring themselves within its terms, inasmuch as the sum demanded in the notice to the company exceeded, by five cents, the sum to which they were entitled.

As the express company appears to be correct in its second contention, we need not pass upon its first. The excess demanded is a small sum; but the doctrine of *de minimis* does not apply. The right to recover the penalty is not dependent on the value of the shipment; nor is the amount which may be recovered as penalty dependant on value. The loss of, or damage to, a shipment subjects the express company to the penalty of the statute, whether the article damaged or lost is a case of eggs, or a dozen eggs. *B. & M. White Laundry Co.* v. *Charleston & W. Ry. Co.*, 18 A. & E. Ann. Cas. 690.

It is a rule of construction, of universal application, that these penalty statutes are to be strictly construed, and no one can invoke the benefit of such a statute who does not bring himself strictly within its terms.

The General Assembly of 1907, by act 61 (page 144), amended section 6774 of Kirby's Digest to provide that a railroad company shall be liable for double damages for failure to pay for stock killed within thirty days after notice so to do is served on the railroad company by the owner. This act was upheld by this court in the case of *St. L., I. M. & S. Ry. Co.* v. *Wynne,* 90 Ark. 538; but upon appeal to the Supreme Court of the United States (224 U. S. 352), our decision was interpreted as having held that it was not essential that the sum recovered should equal the sum demanded and, under this apprehension as to the effect of our decision, that court held the act unconstitutional. It is unimportant to inquire whether the Supreme Court of the United States misapprehended the effect of our decision or not, as its own decision was based upon a holding that the judgment recovered must equal the sum demanded, and that it amounted to a taking of property without the due proc-

ess of law to enforce a statute which authorized the imposition of a penalty where the judgment recovered did not equal the sum demanded.

The court, therefore, properly refused to allow the penalty, and the judgment to that effect is affirmed.