ILLINOIS BANKERS' LIFE ASSOCIATION v. MANN.

Opinion delivered April 23, 1923.

1. INSURANCE—MUTUAL LIFE INSURANCE COMPANY—LIABILITY.—
   Crawford & Moses' Dig., § 6071, exempting fraternal benefit
   societies from the operation of the insurance laws of the State,
   has no application to a mutual insurance company not coming
   within the definition of a fraternal benefit society, as defined
   by § 6068, Id.

2. INSURANCE—LIABILITY OF INSURANCE COMPANY FOR PENALTY AND
   ATTORNEY'S FEE.—Crawford & Moses' Dig., § 6155, making insur-
   ance companies liable for a penalty and attorney's fee for
   failure to pay the loss within the time specified in the policy,
   was not intended to require insurance companies to pay any-
   thing in excess of their just liability, and no liability was in-
   curred where the beneficiary sued for more than the face of the
   policy which was tendered before suit, and accepted that
   amount of such tender after suit brought.

3. INSURANCE—BREACH OF WARRANTY—WAIVER.—Where an insur-
   ance company, in a suit upon a life insurance policy, denied
   liability upon the ground that insured in his application had
   warranted that he had not associated with the consumptive
   persons, when his wife had died from consumption, it was com-
   petent, as a waiver of such warranty, to prove that defend-
   ant's physician had notified defendant that insured's wife had
   died from that disease.

4. EVIDENCE—PROOF OF CONTENTS OF LETTER.—Objection to the tes-
   timony of a witness for plaintiff as to contents of a letter from
   insurer acknowledging receipt of the medical examiner's report
   is not tenable as not being the best evidence, where the letter was
   never in plaintiff's possession.

5. INSURANCE—INSURER NOT BOUND BY KNOWLEDGE OF STRANGER.—
   An instruction which charged an insurance company with
   knowledge possessed by one who, without its knowledge and
   without authority from it, took an application for insurance, held
   erroneous.

Appeal from Clay Circuit Court, Eastern District;
W. W. Bandy, Judge; reversed.

STATEMENT OF FACTS.

On June 18, 1918, the appellant insurance company
issued a policy of insurance for a thousand dollars on the
life of J. W. Mann, in which his son, George Lemuel
Mann, was named as beneficiary. On March 16, 1920, a

second policy issued on the life of J. W. Mann, this last being payable to R. H. Mann, another son.

The insured died in June, 1921, and, appellant having refused to pay the amounts demanded by the beneficiaries, separate suits were brought, which were tried separately in the court below, but have been briefed here together.

In the complaint filed in the suit to collect the first policy it was alleged that, on account of error as to the age of the insured, he paid an annual premium of $29.49, whereas the correct premium at the insured's true age for a thousand dollars of insurance was $28.19; and the beneficiary, according to the terms of the policy, was entitled to the amount of insurance the premiums actually paid would purchase according to the correct age of the insured, and that sum was alleged to be $1,046. There was a prayer for this sum, with penalty and interest.

In this first case an answer was filed admitting liability for the sum of a thousand dollars, but denying liability for the additional $46, and the insurance company offered to confess judgment for the thousand dollars and all costs and interest to the date on which that pleading was filed. The offer to confess judgment was accepted, whereupon the court rendered judgment for the thousand dollars, but included in the judgment $120 as penalty and $250 as attorney's fee, to which action an exception was duly saved. The appeal in that case questions the right of the court to render judgment for the penalty and the attorney's fee, it being insisted by the insurance company that it is not liable, under our statute, for penalty and attorney's fee, and further, that it would not be liable in this case because the beneficiary demanded a sum in excess of the amount for which the company was legally liable, and accepted a sum less than the amount demanded. It appears that, when the proof of death was sent in on this first policy, the insurance company tendered a check for a thousand dollars in satisfaction thereof, which was refused.

Upon the second policy the company denied liability on the ground that its issuance had been obtained by a false answer in the application for the insurance to the question, "Have you been associated with consumptive persons?" there being a negative answer to this question, when, in truth and in fact, the insured's wife had consumption and died of that disease on May 15, 1919. The truth of this answer was, by the terms of the application and policy, expressly warranted. There were other assignments of error which will be discussed in the opinion. There was a verdict and judgment against the insurance company on this second policy, and an attorney's fee and penalty was also assessed in that case.

*M. P. Huddleston,* for appellant.

Appellant is a mutual insurance society, and not liable to payment of penalty and attorney's fees. *United Assurance Association* v. *Frederick,* 130 Ark. 12. Comes under provisions of §§ 4132 and 4133, C. & M. Digest. Penalty statute to be strictly construed. 94 Ark. 578; 131 Ark. 419. Not liable to penalty and attorney's fees in 84795 in any event, suit being brought for more than amount recovered. 92 Ark. 378; 93 Ark. 84; 135 Ark. 22. Court erred in admitting incompetent testimony of physician. Continuance should have been granted on ground of surprise. 37 N. W. (Neb.) 308. Court erred in giving instruction numbered 1, requested by appellee, it being shown that the application for insurance was taken by the brother of the company's agent for him. Also in not giving instruction numbered 2, requested by appellant. Excessive attorney's fees were allowed. 119 Ark. 434; 111 Ark. 554; 88 Ark. 550, lays down the correct rule. Both cases should be reversed, one for a new trial and the other dismissed.

*F. Weldin,* for appellee.

Appellant liable to payment of penalty and attorney's fees. Sec. 6155, C. & M. Digest, 147 Ark. 191; 140 Ark. 192; 92 Ark. 378, distinguished on facts, cases of *United Assurance Association* v. *Frederick,* 130 Ark.

12. 104 Ark. 417 not in point. Attorney's fee not excessive. 104 Ark. 119. No error in introduction of testimony. Application being lost, secondary evidence admissible. 44 Am. Rep. 20; 37 L. R. A. (N. S.) 232; 31 Ark. 364. Dr. McGuire was the company's agent, and his knowledge was that of the company. 71 Ark. 295; 126 Ark. 360. No reply was required filed. Secs. 1205, 1231, C. & M. Digest; 103 Ark. 201; 84 Ark. 382. No merit in objection to testimony of Ira Merriwether, because no reply filed. No error in giving instruction numbered 1. 64 Ark. 253; 126 Ark. 350. Makes no difference who solicited insurance, application was signed by company agent. 21 R. C. L. 919. Instruction No. 2 correct statement of the law. 146 Ark. 140; 71 Ark. 295. Company estopped by knowledge of its examining physician. 140 Ark. 192; 64 Ark. 253; 101 Ark. 532. As to waiver of warranties, R. C. L. 1155, paragraphs 334, 340, 346, 357 and 359.

SMITH, J., (after stating the facts). Is the appellant company liable in any event for the statutory penalty and attorney's fee? The showing is made that appellant company is a mutual company and does business as such, but it was not shown to be a fraternal company.

In the recent case of *Indiana Lumbermen's Mutual Ins. Co.* v. *Meyers Stave & Mfg. Co., ante* p. 199, we said: "It will be observed that the penalty statute applies in the broadest terms to suits to recover for losses by 'fire, life, health, or accident insurance,' but in the Anderson case, *supra,* we held that fraternal benefit societies were exempt from that provision, for the reason that the statute Kirby's Digest, § 4352, as amended by act of March 28, 1917 (Crawford & Moses' Digest, § 6068 *et seq.*), authorizing them to do business, exempted them from the general operation of the insurance law, but the statute containing those exemptions related only to fraternal societies paying death benefits, and did not relate to fire insurance. It follows therefore that appellant company

is liable for penalty under the same terms as other fire insurance companies are liable therefor.''

The case of *United Assurance Assn.* v. *Frederick,* 130 Ark. 12, is cited by appellant as authority for its claim of exemption from liability for the penalty and attorney's fee. We held in that case that the insurance company was not liable for the penalty and attorney's fee upon the assumption that it was similar in its operation to the Knights of Maccabees, which was held not liable for penalty and attorney's fee in the case of *Knights of Maccabees* v. *Anderson,* 104 Ark. 417.

By section 6155, C. & M. Digest, it is provided that ''in all cases where loss occurs, and the fire, life, health, or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor,'' the company shall be liable for a penalty and an attorney's fee. This apparently includes all insurance companies, and does include all companies except those exempted by other legislation from the operation of that section, and those are the companies included in § 4352, Kirby's Digest, as amended by act of March 28, 1917, C. & M. Digest, § 6068, *et seq. Indiana Lumbermen's Mutual Ins. Co.* v. *Meyer Stave & Mfg. Co., supra.*

As appellant does not show itself to be a fraternal society paying death benefits, it is liable for the penalty and attorney's fee in a proper case.

Is appellant liable, under the facts stated in the first appeal, for the penalty and attorney's fee? We answer this question in the negative, for the reason that the beneficiary in that policy demanded a sum in excess of a thousand dollars, the face of the policy, and accepted in satisfaction of his demand a sum less than the amount demanded. The premium paid by the insured may have entitled his beneficiary to a sum in excess of a thousand dollars, but that fact has not been adjudicated. Upon the contrary, the judgment is for the face of the policy only, and this sum was tendered before suit. The penalty is

imposed to require insurance companies to pay promptly
the sums for which they are liable. It was not intended
to require insurance companies to pay anything in excess
of their just liability. So that the action of the bene-
ficiary here in refusing to accept the face of the policy,
and of demanding a sum in excess of the amount for
which judgment was rendered, absolved the company
from liability for the penalty and attorney's fee, and the
part of the judgment of the court awarding penalty and
attorney's fee is reversed, and the suit therefor dismissed.
*Simons* v. *American Ry. Exp. Co.,* 147 Ark. 339.

In the second appeal it is insisted that an excessive
attorney's fee was allowed. As we are reversing that
judgment also upon another ground, we do not feel called
upon to decide what a proper attorney's fee would be.
But if there should be a recovery in that case upon the
remand of the cause, the court may look to the opinion of
this court in the case of *Indiana Lumbermen's Mutual:
Ins. Co.* v. *Meyers Stave & Mfg. Co., supra,* for a proper
basis upon which to fix an attorney's fee.

In the suit on the second policy the plaintiff was per-
mitted to prove by Dr. McGuire, over the objection of the
defendant, that he (Dr. McGuire) had examined the
insured, and had mailed the application and medical ex-
amination to appellant company, and that the papers
which he mailed showed that the insured's wife had died
of consumption, and then admitted testimony tending to
show that the company did receive these papers, thus
bringing notice to the company that the insured's wife
had died of consumption.

The court permitted J. R. Meriwether, the soliciting
agent of the company, to testify that he saw a letter from
the company addressed to Dr. Cohn, acknowledging re-
ceipt of the papers sent in by Dr. McGuire. This testi-
mony was objected to on the ground that the loss of the
application and the medical examination and the letter to
Dr. Cohn was not proved. The objection to this testi-
mony is answered by saying that it was competent for

the plaintiff to prove, if he could do so, that the insurance company knew the facts in regard to the alleged false answer, for the purpose of showing a waiver of the warranty in that respect; and as to the failure to produce the originals of the writings referred to, it is pointed out that none of them were or had been in plaintiff's possession.

The second policy issued on an application taken by Ira Meriwether, a brother of J. R. Meriwether, and it is admitted that Ira Meriwether was not an agent for the company, and that in taking the application he acted for his brother, J. R. Meriwether; and it was also shown that no one connected with the insurance company except J. R. Meriwether had knowledge of that fact. Dr. McGuire conducted the first medical examination for the policy sued on in the second suit, and, on account of some delay, Dr. Cohn also examined the applicant. The examination sent in by Dr. Cohn answered the question about insured's association with consumptive persons in the negative, and the plaintiff proved by Ira Meriwether that he was present when this examination was made, and that he heard the questions propounded by Dr. Cohn, and that he was surprised when no question was asked about the insured having associated with consumptive persons, but that question was not asked, and the insured gave no answer thereto.

To charge the insurance company with responsibility for this knowledge of Ira Meriwether, an instruction numbered 1 was given, which told the jury that the person soliciting the insurance and the examining physician were both the agents of the insurance company, and that information possessed by either of them would be imputed to the company.

This was a correct instruction so far as it related to the examining physician, but it was erroneous in so far as it related to the knowledge of Ira Meriwether, for the reason that, under the undisputed evidence, Ira Meriwether was not the agent of the company, and his knowledge could not therefore be imputed to the company. It

is true he took the application, but it is not shown that the company ever knew that fact. He took it in the name of his brother, and the company cannot be held to have ratified his action in doing so, for the reason that it did not know him in the transaction.

The doctrine that an insurance company becomes bound upon the acceptance of an application for insurance from an unauthorized agent is not applicable here. The question is whether the company is chargeable with notice of the falsity of the answer to the question in the application because Ira Meriwether was present when the examination occurred and knew that a false answer was written down, without the knowledge of the applicant for the insurance. We answer that the company was not so chargeable, because, as we have said, Ira Meriwether was not its agent, and it did not know he had assumed to act for it. 21 R. C. L. 840.

For the error in giving instruction numbered 1 the judgment is reversed, and the cause remanded for a new trial.