Missouri Pacific Railroad Company, Thompson, Trustee *v*. Lester.

4-9563                                    242 S. W. 2d 714

Opinion delivered October 15, 1951.

414

*Henry Donham* and *Pat Mehaffy,* for appellant.

*Kenneth C. Coffelt* and *C. B. Erwin, Jr.,* for appellee.

PAUL WARD, J.   This action was brought by Evert Lester, a boy five years and four months old, by his mother as his next friend, and in her own right, against appellants for injuries to the boy resulting from a severe burn.   Evert was playing on appellants' right-of-way near his home when his clothes were ignited from a fire which appellants' employees built to warm their hands, and later abandoned.   The trial below resulted in a verdict for appellees in the sum of $10,000 from which comes this appeal.

There is very little conflict in the evidence regarding the circumstances of the injury.   The train crew was

switching cars near the South Elm Street crossing in the City of Little Rock and a switchman kindled a fire about 1½ feet high with oil rags on the right-of-way about six or eight feet from the crossing. Evert, who lived about 100 yards away and had on previous occasions visited the locality of the fire to the knowledge of appellants' employees, on this day, November 6, 1949, left his home around 6:30 a. m. and came to where the switchmen were standing around the fire. He was dressed in a polo shirt and a pair of khaki pants. One of the employees attempted to get Lester to return home, but he continued to stand around the crossing and observe the switching activities. Later, the switching crew, having finished their duties in that vicinity, left the boy near the fire which was still burning. Shortly thereafter Evert's clothes caught fire. A witness heard him "hollering," ran to him, and smothered the fire. Evert was severely burned and spent about four months in the hospital where he suffered much pain. He will probably be crippled for life, and the amount of the judgment is not questioned by appellants. It is conceded that Evert had average intelligence for a child his age. He had been told by his mother that fire was dangerous and that it would burn him. Evert, along with other children in the neighborhood, had on previous occasions played at the Elm Street crossing where appellants' employees would sometimes talk with them and give them candy or gum.

The complaint alleges that appellants were negligent in leaving the child alone near the blazing fire; that appellants knew, or by the exercise of ordinary care should have known, they placed the child in a position of danger when they abandoned him near the blazing fire; and that building and abandoning the fire under the circumstances created an attractive nuisance dangerous to a child the age of Evert.

For reversal the appellants present their reasons under six distinct headings which in brief are as follows: First, the attractive nuisance doctrine does not apply; second, there is no evidence from which the jury could find Evert did not appreciate the danger; third, appel-

lants' employees were not acting within their scope of authority; and the fourth, fifth and sixth grounds relate to allegedly erroneous instructions. In our opinion none of these assignments contain reversible error, as will appear from the following.

First. Appellants say two elements are lacking which are necessary to bring this case within the attractive unisance doctrine, *viz*: (a) Their employees did not and could not know the fire presented an unreasonable risk to appellee; and (b) the child was old enough and had sufficient intelligence to recognize the danger. In substantiation of their contention, appellants cite excerpts from Prosser on Torts and from *St. L. I. M. & S. Ry. Co.* v. *Waggoner,* 112 Ark. 593, 166 S. W. 948, 52 A. L. R., N. S. 181, to the effect that this doctrine does not apply to *common objects* such as fire, and they also cite 38 Am. Jur., Negligence, § 151, to show the doctrine applies only where the danger is hidden or latent. These are conceded to be correct declarations of law, but we think they do not necessarily bar recovery in this case. The rule in this state is well stated in *Ark. Valley Trust Co.* v. *McIlroy,* 97 Ark. 160, 133 S. W. 816, 31 L. R. A., N. S. 1020, and restated in *Garrett et al.* v. *Ark. P. & L. Co.,* 218 Ark. 575, 237 S. W. 2d 895, in this language:

"The leaving upon the premises of a dangerous object attractive to children does not alone constitute negligence; the act of negligence consists in leaving such object under such circumstances that one of ordinary prudence might reasonably expect that a child too young to appreciate the danger would be allured to and attracted thereby."

Also, as stated in the last cited case, the doctrine applies especially and exclusively to children of tender years. Here, Evert's immaturity presented a question for the jury to decide under proper instructions. It is not here contended that there was any error in the court's instructions on this particular issue. In the case of *Lombardi* v. *Wallad,* 98 Conn. 510, 120 A. 291, where the facts were similar to the facts in this case, the court allowed

recovery where an eight year old boy was involved, using this language:

". . . For in this case, when the defendant Wallad went away from the burning embers of the fire, without precaution of any kind, he had been familiar for some years with the yard and its situation in the rear of two houses containing 14 tenements in which more than 20 children lived; and he knew that these children frequently used this yard as a playground; and he knew also that they were likely to approach any fire which he kindled. From the burning embers which Wallad had left unguarded the boy got the lighted stick by which the fatal injuries were directly effected. . . . Wallad's negligence exposed the children who came near the burning embers to the risk of injury if another person also should afterward be negligent."

In the case of *Nashville Lumber Co.* v. *Busbee,* 100 Ark. 76, 139 S. W. 301, 38 L. R. A., N. S. 754, also involving an eight-year-old child, it was said:

"Even though a child of tender years may be warned of the danger, it is still a question for the jury as to whether the child, considering its age and intelligence, had sufficient mental capacity to appreciate the danger after such warning."

The above is a sufficient answer to appellants' second contention that the evidence was insufficient for the jury to find Evert did not appreciate the danger.

Appellants, in the third assignment, contend there was insufficient evidence for the jury to find that the switchmen were acting within the scope of their employment when they built the fire. We do not agree. The evidence shows the fire was built on the railroad right-of-way and for the purpose of warming the workmen's fingers. Presumably this was done so they could perform better services and be more comfortable in the discharge of their duties. At any rate, it was a question for the jury under instruction which, in this case, were proper.

Regarding the fourth and fifth assignments, we also find no reversible error. Plaintiffs' instruction No. 1 is objected to because, as appellants say, it does not point out that their employees knew or should have known the fire involved an unreasonable risk to a child the age of Evert. A careful reading of this instruction convinces us that it does cover the point about which complaint is made. Among other things the instruction contained these words: ". . . if you further find from a preponderance of the evidence that said employees knew, or within the exercise of ordinary care could and should have known that it was dangerous to make said fire, or to leave the same unguarded, and they further knew, or within the exercise of ordinary care could and should have known, that Evert Lester was near the fire, or might be near the fire, or that he was attracted to said fire by it, or might be attracted to it, and as a result be injured thereby. . . ." Moreover, this point is involved in the attractive nuisance doctrine disposed of above. Appellants also complain of the court's instruction relating to the scope of the switchmen's authority in building the fire. It is urged that the instruction is erroneous because: (a) It ignores the well established principle that the act of the servant must pertain to the particular duties of the employment; and (b) it failed to state that the servants' departure from the employer's business for a purpose of his own, however short, will absolve the master of liability. The court's instruction on this point was lengthy and it would serve no useful purpose to set it out in full, but we think it sufficiently covers the objection mentioned above and that it contains no reversible error.

The last ground urged by appellants for a reversal relates to a statement made by the court to the jury when it reported unable to agree on a verdict. After the jury had deliberated approximately two hours it returned into the court room and announced it was unable to reach a verdict, whereupon the court said, among other things, that he would like for it to reach a verdict if possible to do so without waiving any juror's con-

scientious objections, because the litigants on both sides had been to considerable expense and the county was always put to expense in maintaining courts. Appellants contend this constituted error particularly because it was known that the plaintiffs were poor people. No case is cited in support of this contention. We are of the opinion that the court used appropriate wording to protect all parties and that no reversible error was committed.

Appellees have prayed a cross-appeal, asking for a reversal under *Ark. Stats.* (1947) § 41-510 which provides for double damages for injury occasioned by fire. The above section is a part of Act 85 of 1935 which is entitled "An Act to Protect the Forests of the State". Said Act is embraced in *Ark. Stats.* (1947) §§ 41-507 to 41-514. Not only the title of the Act but the entire wording, in our opinion, shows that it was intended to deal with damage to property and not to personal injuries. If any doubt exists, and none does in our minds, then it would be resolved in favor of the party to be charged, since the Act is penal. The rule is well stated in *Simmons* v. *American Railway Express Co.,* 147 Ark. 339, 227 S. W. 414, in this language:

"It is a rule of construction, of universal application, that these penalty statutes are to be strictly construed, and no one can invoke the benefit of such a statute who does not bring himself strictly within its terms."

The judgment of the lower court is affirmed both on direct and cross-appeal.