186 So.2d 20 (1966)
E. Daniel IDZI, a Minor, by His Father and Next Friend, Edward D. Idzi, Individually, Petitioners,
v.
C.A. HOBBS, Respondent.
No. 34695.
Supreme Court of Florida.
March 30, 1966.
Rehearing Denied April 28, 1966.
D.L. Middlebrooks, Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, for petitioners.
Robert P. Gaines & Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for respondent.
*21 PER CURIAM.
We were asked to take jurisdiction by petition for certiorari, on the basis of possible conflict, to review a decision of the district court of appeal, first district, reported as Idzi v. Hobbs, Fla.App., 176 So.2d 606.
The factual situation was that the minor plaintiff, who was five years and one month old at the time, received injuries from a fire that had been set by the defendant. The defendant, a home builder, had cleared trees and underbrush from a lot that he owned and had stacked the material in a large pile, one witness testifying that "tremendous" piles of brush were made, higher than six feet, which included complete trees. The owner testified the pile was approximately four feet high, that he set the fire shortly after he arrived in the morning, and at the time he left in the early afternoon, there were very little flames but there were coals, which were covered with very large logs that did not burn, stating "We left many trees just criss-crossed across the fire to identify it so it would be perfectly in the clear." He further testified that he had seen children in the area of the lot before, and that he knew there were quite a number of young children living in the area; he had had trouble with children on his construction sites before and they did everything to try to prevent children from getting on the job and getting hurt, but that they did go on the sites because they were "just turned loose"; he could expect children to go on this site when he left, that it would not have been unusual for him to know that there would be small children playing on the lot after he left, and that was the reason "we identify the fire where anybody would ever accidentally walk into it." Another witness, who passed by the lot between three and four in the afternoon, testified he saw a fire and several children playing around, none of whom he recognized and, after warning them, the effect of which he did not recall, he drove on; that he saw a lot of smoke and several large logs, six to eight inches in diameter, lying across the pile that had been partially consumed, not flaming, but with red coals underneath.
Around four-thirty the minor plaintiff was brought home with severely burned hands; he told his father that he was trying to poke at the fire, stepped on a log, slipped, and fell in. Another witness heard him say that he was on a log and he slipped into the fire. On cross examination, the father testified that the child was of average intelligence, that he had instructed him about, and he thought the child understood, the danger of fire; that from the statement he made, the child was putting out the fire at the time, and that he knew that the child knew what a fire was.
The jury was unable to agree upon a verdict and a mistrial was ordered; subsequently, the defendant moved for a final judgment in accordance with his prior motion for directed verdict, and that motion was granted and judgment entered.
The district court, after quoting the rule of liability mentioned in Cockerham v. R.E. Vaughn, Inc., Fla., 82 So.2d 890, and drawing attention to subparagraph (c) of the rule, stated that "From the foregoing it affirmatively appears without conflict that the minor plaintiff, regardless of his youth, was aware of the existence of the fire and because of prior instructions received from his father, he realized the dangerous risk involved in intermeddling in it or coming within the area made dangerous by it. * * Since the uncontradicted evidence reveals that the minor plaintiff was aware of the fire and the danger it created, the jury could not have lawfully concluded that the child, because of his youth, did not realize the risk involved in intermeddling in `the condition,' or `in coming within the area made dangerous by it.' Because of plaintiffs' failure to prove the foregoing essential element required by the above-quoted rule in order to establish liability, the trial judge was justified in directing the verdict in favor of the defendant." Sub-paragraph (c) of the above rule is as follows: "(c) *22 the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it."
Parenthetically, it was not revealed in the evidence when, with relation to the child's age or the injury, the father had instructed the child about the danger of fire, nor the substance of the instruction.
Plaintiffs contend that the court erred in entering judgment for the defendant, and in refusing a charge dealing with the standard of conduct to be reasonably expected of a child.
As may be seen from the quoted matter, the court concluded that, the child being aware of the existence of the fire, and because of prior instructions from his father, he realized the dangerous risk involved in intermeddling in it or coming within the area made dangerous by it.
While the fact that a child has been warned of a danger may be enough to defeat his recovery, where it is found to be effective in making him fully aware of the situation, it is appreciation of the danger which is required to bar recovery, rather than mere knowledge of the existence of the condition itself, and where the child is too young to understand, or not sufficiently impressed to forego the attractive hazard, the warning may be found not to relieve the defendant of liability, if he could reasonably be expected to do more. Prosser on Torts, 3rd Edition, page 382.
We find conflict and quash the decision here reviewed
From our examination of the record it appears to us that it was a question for the jury whether the instruction given the minor plaintiff by his father was effective in making him fully aware of the situation or appreciative of the danger of the condition, it being fairly safe to say that generally parents instruct their children early in their lives about the danger of fire and other common dangers.
The minor in Tucker Brothers, Inc. v. Menard, Fla., 90 So.2d 908, was just under seven years of age when he received burns from a fire lighted by the defendants to burn trash on a lot in a residential area. Also located on the lot were objects and materials commonly used in the building trade. For some period of time the lot had been used to dispose of trash from a building operation. The foreman of the contractor had been requested on numerous occasions to take precautions against the fire in the interest of the safety of the small children in the neighborhood. Both he and the parents had warned the children to stay away. They, nonetheless were permitted by the defendants to use the area as a playground. Defendants sought reversal on the proposition, among others, that a fire is obviously dangerous and therefore could not constitute an attractive nuisance. In upholding the verdict for the minor, the court commented, "In the case before us the appellees relied upon the general condition of the area. It was shown that appellants had placed on the land in question all manner of materials and devices that would attract playing children. Furthermore, the so-called `fire' was actually not a burning, glowing flame. It consisted of a large bed of ashes surrounding and covering a bed of red-hot coals. Instead of repelling the children, the situation in this particular case suggests justification for the conclusion that the tools, blocks, woodpile, trucks and the like merely served as an invitation that in effect led the child into what might be termed a `booby trap'. We do not find here justification for applying the rule that might otherwise be applicable to an obvious peril. On the contrary, the record clearly suggests adequate justification for the conclusion evidently reached by the jury that the children, including the minor appellee, had been attracted to the area over a period of weeks, that appellants and their Foreman in charge had been requested to guard against the possibility of the particular injury that here apparently resulted."
*23 Relating the present case to the above decision, one of the parents had instructed the child about the danger of fire. The piles of brush included complete trees; there were large logs that did not burn, which were criss-crossed on the pile. The propensity of children to climb and walk on trees and logs is common knowledge. As to the "fire," the owner testified that when he departed there was very little flame, but there were coals, and a passerby later saw smoke and several large logs, not flaming, but with red coals underneath. It is difficult to apply in this situation the obvious peril doctrine, 38 Am.Jur., Negligence § 151, p. 818, since the trees and logs bridged over the coals suggest a hidden or latent danger.
One of the reasons given for directing a verdict in Fouraker v. Mullis, Fla.App., 120 So.2d 808, certiorari later denied without opinion, which concerned a twelve-year old boy that was injured as a result of being struck in the face by wet plaster, was that the children were old enough to understand the risk of fighting with plaster. In its reversal, the district court ruled as follows: "Next we consider the final reason advanced by the trial court for its ruling in which it found, as a matter of law, that the children were old enough to understand the risk of fighting with plaster. While it is true that the age of the injured child is one factor that must be taken into consideration in determining the applicability of the attractive nuisance doctrine, age is only one of several factors, including maturity, intelligence, and capacity, which should be considered. Such considerations are ordinarily reserved for the jury and should have been submitted to them here."
A boy five years and four months old, as set out in Missouri Pacific R. Co. v. Lester, 219 Ark. 413, 242 S.W.2d 714, 27 A.L.R.2d 1182, was severely burned while playing on defendants' right of way near his home when his clothes were ignited from a fire which defendants' employees built and later abandoned. One of the employees attempted to get the child to return home, but he continued to stand around and observe switching activities. He had been told by his mother that fire was dangerous and that it would burn him. Defendants stated two elements were lacking which were necessary to bring the case within the attractive nuisance doctrine, one of which was that the child was old enough and had sufficient intelligence to recognize the danger. In affirming, the court stated, "Here, Evert's [the child] immaturity presented a question for the jury to decide under proper instructions. * * * In the case of Nashville Lumber Co. v. Busbee, 100 Ark. 76, 139 S.W. 301, 306, 38 L.R.A.,N.S., 754, also involving an eight year old child, it was said: `Even though a child of tender years may be warned of the danger, it is still a question for the jury as to whether the child, considering its age and intelligence, had sufficient mental capacity to appreciate the danger after such warning.' The above is a sufficient answer to appellants' second contention that the evidence was insufficient for the jury to find Evert did not appreciate the danger." Also, see Brannon v. Harmon, 56 Wash.2d 826, 355 P.2d 792, wherein the factual situation included only intermittent flame, but smoke over a large area.
It was for the trier of the facts whether or not this minor plaintiff sufficiently discovered the condition or realized the risk involved. The mere knowledge that he had of the existence of the fire, and the mere fact that sometime in the past he had been instructed about the danger of fire, does not necessarily mean that he realized the risk involved in intermeddling in it or in coming within the area made dangerous by it. Because of his immaturity and want of judgment a child may be incapable of understanding and appreciating, or making intelligent decisions on, all of the possible dangers which he may encounter.
An examination of the instruction proffered by the plaintiff and refused by the court, to wit, "A child of tender years may be expected to conform only to that standard of conduct that is to be reasonably *24 expected of a child of its age, intelligence and experience under like circumstances," adequately states the care to be expected from a child and should have been given. Larnel Builders, Inc. v. Martin, Fla., 110 So.2d 649.
The decision under review is quashed, with directions to remand the cause to the trial court for further proceedings.
THORNAL, C.J., O'CONNELL and ERVIN, JJ., and WARREN, Circuit Judge, concur.
CALDWELL, J., dissents.