MAURICE O. PLANTE *et ux. vs.* LORRAINE MANUFACTURING COMPANY.

EUGENE C. BERGERON *et ux. vs.* SAME.

AUGUST 7, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. These two actions of trespass on the case for negligence were brought under the death by wrongful act statute to recover damages for the deaths of two young boys whose parents are respectively the only beneficiaries and as such are the plaintiffs in each case. General laws 1938, chapter 477. The cases were heard together in the superior court by a justice thereof on defendant's demurrer to the declaration in each case. The trial justice sustained the demurrers and the plaintiffs duly prosecuted their bills of exceptions to this court.

The declarations are similar, each containing one count alleging in substance that on October 17, 1949 defendant owned and controlled a certain lot situated in a thickly populated district in the city of Pawtucket; that said lot was adjacent in part to two public highways and was not enclosed or shut off by any fence or barrier; that for a long time defendant had caused or permitted said lot to be excavated and used by another as a sandbank, which remained unguarded, visible, and easily accessible from the highways; that as located and maintained it constituted an attraction to children of tender years who were accustomed to play there; and that defendant knew or by the exercise of reasonable care should have known of such attraction to and use by the children.

The duty of the defendant is set out in the declarations as follows: "that it then and there became and was the duty of said defendant corporation to exercise ordinary care in and about the management, control, use, operation and maintenance of the said sand and gravel bank on said lot or parcel of land, to the end that children of tender years while playing on, around, at or about said sand bank and

while handling, digging and playing in said sand located on said lot or parcel of land aforesaid, and attracted and enticed thereto, might not be killed or injured by reason thereof."

The declarations further allege that defendant breached that duty by negligently failing "to provide a fence or barrier to shut off and enclose the aforesaid parcel or lot of land and the said sand and gravel bank, so as to prevent children of tender years from having free access to the same"; that the plaintiffs' children between seven and ten years of age were attracted, permitted and invited to enter and play in and about said sandbank; and that while playing therein they were overcome by a sudden landslide which buried them and resulted in their deaths.

The above declarations clearly are drawn on the theory that defendant is liable because it maintained on its premises a so-called "attractive nuisance" without reasonably and properly fencing or guarding the same so that children of tender years going upon said property would not be injured. Defendant's demurrer to the declaration in each case contained several grounds among them being that it appeared defendant owed no duty to the deceased; that defendant was not guilty of any negligence toward them; and that the alleged dangerous condition of the premises may have been caused by a person for whose conduct defendant was not responsible.

The defendant relies on the case of *Paolino* v. *McKendall*, 24 R. I. 432, as stating the law of this state applicable to the instant cases as set out in the declarations before us. In that case the declaration alleged in substance that a child of five years had been allured or attracted into premises by a bonfire kindled by an occupier thereof and was so seriously burned that she died; that it was the duty of such defendant as such occupier to keep the fire properly guarded and to use proper means and precautions to prevent injury happening to plaintiff's intestate while using said premises as a playground; and that the defendant knew that such

vacant lot had for a long time been used by those occupying premises in the neighborhood as a common resort for pleasure and as a playground for their children in which plaintiff's intestate and such other children were accustomed to play with the knowledge and consent and by invitation of the owner of such premises.

In its opinion containing a careful and comprehensive review of the authorities this court sustained a demurrer to the above declaration. The court declined to follow the so-called "turntable cases" and others of a like nature, now often referred to as "attractive nuisance" cases wherein infants of tender years have been permitted to recover damages from landowners or occupiers for injuries received while trespassing because certain conditions or agencies on such land were of a character to be attractive to children and had been left exposed and unguarded.

In construing the word "invitation" as used in the declaration, the court in the *Paolino* case pointed out that nowhere is an *express* invitation to the child alleged, and at page 435 of the opinion the following language appears: "* * * we understand that the only invitation to use said lot as a play-ground for children intended to be alleged, was only a constructive invitation, or such, if any, as could be implied from the owner's or defendant's knowing said lot was so used without objection made, and that as to the fire there was no invitation to approach it other than the fact of the fire being there, whereby the plaintiff's intestate was 'allured and induced by her childish instincts to approach said fire.' * * * We have been thus particular in defining our understanding of the use of the word *invitation* in the first count of the declaration, because if the invitation to the plaintiff's intestate to use said vacant lot as a playground was express, or by implication making it equal in significance to an express invitation, the rule as to liability would be very different from what it would be if the invitation was only constructive, consisting of the kind of allurement or mere license we have referred to."

The court at page 445 further states: "* * * we are of the opinion that neither count of the declaration states facts sufficient to constitute a cause of action, because there is no breach alleged of any legal duty the defendant owed the infant * * *. We have already decided that the constructive invitation set out, or intended to be set out and hence treated by us as such, is not a sufficient invitation to cast a legal duty upon the defendant in regard to said infant, other than not *willfully subjecting* him to injury, and as no such willful injury has been alleged we fail to see how the suit can be sustained without allegation and proof of an invitation to the infant, express or implied, to enter upon said premises."

As to the presence of any question for the jury the court held: "In our view of the law the question in this case is not whether a fire is or is not attractive to a child, but whether on the undisputed facts alleged in this case, for the demurrer admits them to be true, there was any duty on the owner or occupier of the land on which this fire was located, to guard the child against it. Whether the facts alleged, not being questioned, raised a duty on the defendant in favor of the child, it seems to us is a question of law for the court that can properly be decided on demurrer."

The plaintiffs here recognize that the declarations now before us resemble in substance the declaration in the *Paolino* case but their attorney has urged that such case should be modified and that we should adopt the doctrine of the "attractive nuisance" cases, at least to the extent of permitting the instant cases to be submitted to a jury under the present declarations. In support of their contention plaintiffs point out that a number of jurisdictions permit recovery of damages under the attractive nuisance theory in various types of cases involving injuries to young children while trespassing. Examples of cases so holding are *Ramsay* v. *Tuthill Building Material Co.*, 295 Ill. 395;

*Banker* v. *McLaughlin,* 146 Texas 434; *Allen* v. *William P. McDonald Corp.* [Fla.] 42 So.2d 706; *Angelier* v. *Red Star Yeast & Products Co.,* 215 Wis. 47.

On the other hand it appears that the decision in the *Paolino* case is in accord with the holding in a substantial number of states where the attractive nuisance doctrine is not accepted. 38 Am. Jur., Negligence §142, p. 804. In *Hannan* v. *Ehrlich,* 102 Ohio St. 176, the court in sustaining a demurrer to a petition setting out facts similar to those in the present declarations declined to follow that doctrine. See also *Trudo* v. *Lazarus,* 116 Vt. 221; *Anderson* v. *Reith-Riley Construction Co.,* 112 Ind. App. 170.

In states which recognize it the doctrine is applied in a variety of ways depending often on the facts of the case under consideration. 38 Am. Jur., Negligence §151, p. 818. See notes, 36 A.L.R. 23, 60 A.L.R. 1444. Some courts adopt it with little reservation but many of them apply it in a limited or a restricted degree only. For example, a test used is whether the danger was hidden or latent and not open. If so, recovery is permitted, but it is otherwise if the injury was caused by an obvious or patent danger especially if due to natural causes. Similarly, and without attempting to enumerate all instances, the doctrine has at times been applied if the attractive nuisance so called was a structure, or other artificial condition, or a dangerous instrumentality or appliance such as ruined buildings, explosives, charged wires and the like, as distinguished from premises which were in their static or more or less natural condition. Also in states where the doctrine in question has been followed attractive artificial conditions within a few feet of a highway or immediately contiguous thereto have been used as the basis for its application.

In our opinion the circumstances in which the attractive nuisance doctrine has been at times applied by some courts, as above referred to, are not present in the instant cases. We are concerned only with the issues raised by the

allegations in the declarations now before us. It is our opinion that basically the declarations are generally similar to that in the *Paolino* case and involve the same principles of law, although the dangers alleged were of a different nature. Likewise we give to the words "inviting" and "invited" as used in the declarations in the instant cases the same meaning and construction as was given the word "invitation" in the *Paolino* case. Consequently it is our judgment that the decision of the court in the last-named case governs the present cases unless we accede to plaintiffs' earnest argument that the *Paolino* case be modified.

That case was decided in 1902 after careful consideration by the court and to our knowledge the decision has not been questioned or modified in any way by judicial or other action. It is in accord with decisions of final courts of review in a substantial number of neighboring and other jurisdictions. In the *Paolino* case this court declined to follow the doctrine of the "turntable cases" respecting the recovery of damages for injuries to children of tender years, which doctrine later was the basis of and was applied in substance in the so-called "attractive nuisance" cases. It may be noted that the supreme court of the United States which approved that doctrine in the leading case of *Railroad Company* v. *Stout*, 84 U.S. 657, later limited its application in an attractive nuisance case, *United Zinc & Chemical Co.* v. *Britt*, 258 U. S. 268.

However, in view of the fact that considerable time has elapsed since the *Paolino* case was decided we have reconsidered it. After so doing we are of the opinion that the decision therein rests upon sound legal principles in respect to the duties and obligations of a landowner, under the facts alleged, toward a child of tender years who was a trespasser and not an express invitee or the equivalent. That was the situation which existed in the *Paolino* case and also exists in the instant cases as we construe the declarations. In our judgment no convincing reasons either as

to law or policy have been presented to us by the plaintiffs in support of their contention that the *Paolino* case should now be modified. We therefore decline to take such action and we reaffirm the decision and the law as set out in that case.

The plaintiffs' exception in each case is overruled, and each case is remitted to the superior court for further proceedings.