CRAWFORD v. COX PLANING MILL & LUMBER CO.

5-3360                                           383 S. W. 2d 291

Opinion delivered November 2, 1964.

*Ward & Mooney,* for appellant.

*Rose, Meek, House, Barron, Nash & Williams, Frierson, Walker & Snellgrove,* for appellee.

FRANK HOLT, Associate Justice. The trial court sustained appellees' demurrers to the appellants' amended complaint. On appeal the only issue is whether appellants' amended complaint stated a cause of action under the doctrine of attractive nuisance.

The appellant alleged that the "minor" child [no age stated] was injured when he fell from an unguarded scaffold while playing the game of hide-and-seck on a Sunday afternoon in a construction area on public school grounds where no warning signs or barricades of any nature existed. The plaintiff's complaint further stated:

"The unfinished walls of buildings under construction and the scaffolding erected adjacent there-

to by or at the direction of the defendants, while they may have been relatively safe for experienced artisans of mature judgment, were so narrow in width and unstable in structure as to be a definite and positive hazard to young children without experience or knowledge of their latent dangers, in that the flooring of said scaffolding would spring up and down and slip upon its base in such a manner as to cause such a child to lose his balance and equilibrium and unpredictable movements of the flooring of said scaffolding, unforeseeable by a child, did cause Glenn Crawford, a minor, to fall and resulted in his injuries."

We have recognized and applied the doctrine of attractive nuisance in permitting recovery for injuries to children where instrumentalities or conditions of any kind exist that attract and injure children who are too young or immature to realize the existence of its dangerous character. *Foster* v. *Lusk,* 129 Ark. 1, 194 S.W. 855; *Standard Oil Co. of Louisiana* v. *Dumas,* 183 Ark. 616, 38 S.W. 2d 17; *Arkansas Power & Light Co.,* v. *Kilpatrick,* 185 Ark. 678, 49 S.W. 2d 353.

In other instances we have refused the application of this doctrine because of the character of the instrumentality and maturity of the child. *Garrett* v. *Arkansas Power & Light Co.,* 218 Ark. 575, 237 S.W. 2d 895; *Carmichael* v. *Little Rock Housing Authority,* 227 Ark. 470, 299 S.W. 2d 198, and *Jones* v. *Comer,* 237 Ark. 500, 374 S.W. 2d 465.

The doctrine of attractive nuisance is intended for the protection and benefit of children of such a tender age that they are incapable of exercising sufficient judgment and discretion to avoid a danger or peril.

In the case at bar, since the demurrers to appellant's complaint were sustained, we must consider the alleged facts as being true. However, in accordance with the general rules the appellant must allege sufficient facts in the complaint to invoke the doctrine of attractive nuisance.

Buildings under construction ordinarily are not regarded as coming within the doctrine of attractive nuisance so as to impose liability for injury to trespassing children. 65 C.J.S., Negligence, § 29, 475; Annotation, 44 A.L.R. 2d 1258; 36 A.L.R. 252.

The attractiveness of an instrumentality itself is not sufficient to invoke the doctrine. In addition to attractiveness, it must be shown that the object, instrumentality, or conditions are so dangerous to a child that precautionary measures are required. *Arkansas Valley Trust Co.,* v. *McIlroy,* 97 Ark. 160, 133 S.W. 816. If every instrumentality that is attractive to a venturesome boy and, also, has an element of danger about it constitutes an attractive nuisance then there is no limit to its application. Perils or dangers, such as exist from climbing, are obviously known to children who are old enough to be unattended and capable of venturesome conduct. Any child capable of climbing knows that if he falls from a fence, a tree, or any elevated structure injury can result. *Senders* v. *Baird,* 195 Ark. 535, 112 S.W. 2d 966.

In the case at bar the scaffold embodied no perils not readily apparent to children capable of responding to their natural climbing instincts. It was not such a dangerous instrumentality that it comes within the scope of the doctrine of attractive nuisance. Therefore, the allegations of the complaint constituted no submissible issue for the jury.

Affirmed.