480 P.2d 907

Jodi Jan DAVIS, a minor child, by and through her Guardian Ad Litem, Jana Davis, and Jana Davis, individually, Plaintiffs-Appellants,

v.

Isaac McDOUGALL, individually, and as Executor of the Last Will and Testament of Grace McDougall, Deceased, and as Trustee for Catherine McDougall Van Vleck, Amelia Robinson, individually and as Trustee for Catherine McDougall Van Vleck, William McDougall, individually and as Trustee for Catherine McDougall Van Vleck, and the Estate of Grace McDougall, Deceased, Defendants-Respondents.

No. 10592.

Supreme Court of Idaho.

Feb. 11, 1971.

J. Blaine Anderson, Furchner & Anderson, Blackfoot, for plaintiffs-appellants.

Baum & Peterson, and Whittier & McDougall, Pocatello, for defendants-respondents.

SPEAR, Justice.

This is an appeal from an order of the district court granting summary judgment against Jodi Jan Davis and Jana Davis, appellants herein, denying recovery to them for personal injuries suffered by the former and which were allegedly caused by the negligence of Isaac McDougall, respondent.

Jodi Jan Davis, a three and one-half year old child, and her mother, Jana Davis, were tenants of an apartment house controlled and operated by Isaac McDougall in his capacity as Executor of the Estate of Grace McDougall and Trustee for Catherine McDougall Van Vleck. In the basement of the apartment house was a room used as a laundry area by the tenants. It contained a Maytag washing machine with tub, agitator, and roller type wringer, hot and cold water, rinsing tubs, a sawhorse or stool upon which were placed laundry baskets, and a floor drain.

On September 9, 1966, Jana Davis finished washing some clothes in the basement area and placed the clothes in the rinse tub, leaving the washing machine

plugged into the electrical outlet in the ceiling with the agitator and wringer turned off. She then went to town, leaving her two children in the care of Darwin Lords, her brother, who was also a tenant of the apartment house. At that time, Lords was working on his automobile in front of the apartment house, and the two Davis children were playing in the front yard with the two Lords children. Soon thereafter, Jodi went down to the laundry room in the basement, apparently alone, crawled up on the sawhorse beside the washing machine and activated the wringer by pulling a lever. The child's hand and wrist were pulled into the wringer and, although the wringer mechanism was designed to release automatically, it did not release. A few minutes later, Lords found the child, freed her, and rushed her to the hospital. As a result of the occurrence, the child suffered permanent injuries to her fingers, hand and wrist.

McDougall testified in his deposition that laundry facilities were not furnished to the tenants, that the washing machine was stored in another room in the basement, and that the tenants, without his permission, moved the machine into the other room and began using it. Mrs. Davis and Mrs. Lords stated in their depositions that they had understood that the laundry facilities were furnished for them, that the machine was in the "laundry room" when they moved in, and that they always used it. Rick Cutler, who managed the apartment house for respondent, stated in his deposition that his duties included making repairs insofar as he was able, and if he could not, to "have another outfit" come in and do it. He also stated that his duties included the maintenance and repair of the laundry facilities; that the tenants had made several complaints about the washing machine, but not that the release was defective; that he promised to have the washing machine repaired; that the machine was never actually repaired; and that he never told McDougall of the complaints made by the tenants regarding the washing machine.

Jana Davis, as guardian ad litem for her daughter, initiated an action against Mc-Dougall for the injuries suffered by the daughter and in her own capacity for the expenses she had incurred for the treatment and care of her daughter. She contended that the washing machine was an attractive nuisance, that McDougall had constructive knowledge of the defects of the machine prior to the accident, and that he was negligent in failing to repair such defects.

McDougall moved for summary judgment based on the pleadings, the depositions, and affidavits filed by the parties. The district court granted the motion ruling that the washing machine in itself was not an attractive nuisance, that the accident as such was not foreseeable, and that, if there was negligence on the part of McDougall, Jana Davis' (the mother's) action of plugging the washer into the electric outlet insulated McDougall's negligence. From the order granting summary judgment, Jana Davis and Jodi Davis effected this appeal.

Appellants Davis urge reversal of the trial court's summary judgment order on the basis of the attractive nuisance doctrine. They argue that small children are fascinated and attracted to a washing machine which they have watched their mother operate, and that at the least, a jury question of fact was presented as to whether the machine was attractive to children and whether this particular child was attracted to the machine.

The attractive nuisance doctrine has been recognized in this jurisdiction for well over six decades. See York v. Pacific & Northern Railway Co., 8 Idaho 574, 69 Pac. 1042 (1902). Under this doctrine it has been held that the object or condition must be of an unusual nature and character so as to render it peculiarly attractive and alluring to children. Anneker v. Quinn-Robbins Co., 80 Idaho 1, 323 P.2d 1073 (1958); Bass v. Quinn-Robbins Co., 70 Idaho 308, 216 P.2d 944 (1950). While this is still the rule in Idaho, where the alluring quality of the injuring agency can

be shown the "attractive nuisance" doctrine does not satisfactorily conclude the inquiry in this case.

In most states, the attractive nuisance doctrine has either been replaced by, or has evolved into, a set of criteria which in essence are within the consideration of negligence generally. Prosser, Torts 3rd Ed. (1964) p. 374; Restatement of Torts 2d § 339, comments, p. 198.

■ An inflexible rule that a common household item such as a washing machine cannot be an attractive nuisance, such as the trial court announced here, ignores reality and the reason for having a special rule for injured children originally. This approach fails to account for the greater lack of judgment among younger children and does not allow for the practical fact that very young children have only scant understanding of the most common articles even if highly dangerous. The more rational solution is to consider both the injuring mechanism and the age and sophistication of the child as is done in § 339. Whether a child three and one-half years old should or does understand dangers attendant to a washing machine is a question which should have been considered by the jury.

Other assignments of error of appellant question the correctness of the trial court's findings and its determination that no genuine issue of material fact existed. They contend the trial court erred in finding (1) that the accident was not foreseeable, and (2) that if there was negligence on the part of the respondent, the action of appellant Jana Davis in plugging the washing machine's electrical plug into the outlet "insulated" such negligence. They further argue that, at the most, such questions of foreseeability, negligence, and superceding intervening cause constituted questions of fact to be decided by a jury, and that the trial court was therefore precluded from granting summary judgment.

■ It is a fundamental rule of law that a summary judgment may not be granted where a genuine issue of material fact exists. I.R.C.P. 56(c); Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967); Matthews v. New York Life Insurance Co., 92 Idaho 372, 443 P.2d 456 (1968); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969). Questions of negligence, proximate cause, intervening cause, and foreseeability constitute questions of fact for determination by the jury unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances in only one way. Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966); Walenta v. Mark Means Co., 87 Idaho 543, 394 P.2d 329 (1964); Anderson v. Blackfoot Livestock Commission Co., 85 Idaho 64, 375 P.2d 704 (1962); Hayward v. Yost, 72 Idaho 415, 242 P.2d 971 (1952).

We need not reiterate the facts in this case upon which the questions of negligence, proximate cause, intervening cause, and foreseeability depend. Suffice it to say that after a thorough review of the record, we are convinced that reasonable minds might differ in the essential conclusions to be drawn from such facts in answer to the questions posed. Therefore, such questions should have been presented to and determined by the jury, and the trial court's decision granting summary judgment to the respondent must be reversed.

Disposition of the assignments of error previously indicated herein makes discussion of appellant's additional assignments of error unnecessary.

The order of the district court granting summary judgment to the respondent is reversed and the cause remanded for further proceedings consonant herewith. Costs to appellants.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.