**280 A.2d 93.**

EDMOND HADDAD *et al. vs.* FIRST NATIONAL STORES, INC.

AUGUST 4, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an appeal from a Superior Court order granting a summary judgment against Tamara Haddad and her father, Edmond Haddad, denying them damages for personal injures suffered by Tamara which were allegedly caused by the negligence of First National Stores, Inc.

First National has a place of business located on Broad Street in Central Falls. It consists of a supermarket and a large parking lot which abuts the sidewalk. There are no barriers, fences or other restrictions which prevent access to the parking lot by any pedestrian who might be walking along the sidewalk.

June 4, 1967 was a Sunday. The supermarket was not open for business. Tamara, who was then five years old, and several young friends, walked onto the parking lot. There was a number of the supermarket's shopping carts standing in the lot. Tamara climbed into one of the carts. When she did, one of her companions pushed the cart around the parking area. One of the cart's wheels struck

a rock. The cart tipped over throwing Tamara to the ground. She sustained a fractured left arm which necessitated hospitalization and surgery.

An examination of the replies given to plaintiffs' interrogatories by the market's manager and a study of an affidavit submitted by Tamara's father disclose that the market's customers would take the carts from the market's premises to their homes. The market was aware that the carts would be returned to the lot during the weekend or after store hours when the market was closed for business. Tamara's mother shopped at the market. When she did, she would place her five-year old in the cart and give her daughter a ride as Mrs. Haddad walked about the store making her various purchases.

The trial justice, in granting First National's motion for summary judgment, emphasized that he was bound by the Rhode Island law which holds that an owner or possessor of land owes no duty to a trespasser or licensee, even one of tender years, except to abstain from wilfully subjecting him to injury.

The plaintiffs urge us to reconsider this rule. They point out that if we were to adopt the standard set out in Restatement (Second) *Torts* §339 (1965), they would at least be entitled to their day in court. This section requires a landowner to use reasonable care in making artificial conditions on his land reasonably safe for foreseeably trespassing children. As such, the Restatement view represents a modification and the modern view of the so-called "attractive nuisance" doctrine. The rule, as set forth in §339, has been adopted by the majority of the courts in this country.

In early times, there was no age deferential shown a trespasser. Whether he was six or sixty, he was owed no duty of reasonable care by the landlord. To those versed in the law, the initial indication that special consideration might

be accorded the young trespasser came in *Lynch* v. *Nurdin,* 1 Q. B. 29 (1841). There, the court allowed recovery for personal injuries where the child was injured as he fell off an unattended horse and cart. The court in permitting the child to sue said that although he was a trespasser, he had been "tempted" to come onto the wagon. One of the first instances in the United States where it was demonstrated that there would be a different rule for the young trespasser came in *Keffe* v. *Milwaukee & St. Paul Ry.,* 21 Minn. 207 (1875).[1] In *Keffe,* the child was injured by an unlocked, unguarded turntable. Such a device was described as an "allurement" which caused the child to be drawn to hidden danger. The possessor's act of maintaining such a device was deemed to be an invitation and the child was the invitee to whom a duty of care was owed. This case and several others making a similar ruling gave rise to what became known as the "attractive nuisance" doctrine. With the passage of time, the element of allurement has been discarded by most courts. Today, the basis for the landowner's liability in cases involving trespassing children is his duty to take reasonable measures against a child's foreseeable conduct, a breach of that duty and resulting injury. *Taylor* v. *Alaska Rivers Navigation Co.* (Alaska) 391 P.2d 15; *Mazurkiewicz* v. *Pawinski,* 32 Wis.2d 211, 145 N.W.2d 186; *Saul* v. *Roman Catholic Church,* 75 N. M. 160, 402 P.2d 48; *Carter* v. *Skelly Oil Co.,* 191 Kan. 474, 382 P.2d 277; *Bosin* v. *Oak Lodge Sanitary District,* 251 Ore. 554, 447 P.2d 285; James, *Tort Liability Of Occupiers Of Land: Duties Owed To Trespassers,* 63 Y. L. J.

---

[1]Earlier in 1873, the Supreme Court affirmed an award to a trespassing child who was injured while playing on a railroad turntable. There was no discussion, however, as to the child being enticed onto the land as the Court gave no consideration to the plaintiff's status as a trespasser. *Sioux City & Pac. R.R.* v. *Stout,* 17 Wall. 657, 21 L.Ed. 745. The Supreme Court ruled that the railroad should have foreseen the trespasser's presence on the hazardous portion of its property.

144 at 161-174; Prosser, *Trespassing Children,* 47 Calif. L. Rev. 427. This is the view expressed in the Restatement. It might be described as the trespassing child doctrine.

This court has consistently refused to adopt the "attractive nuisance" doctrine. *Houle* v. *Carr-Consolidated Biscuit Co.,* 85 R. I. 1, 125 A.2d 143; *Previte* v. *Wanskuck Co.,* 80 R. I. 1, 90 A.2d 769; *Plante* v. *Lorraine Mfg. Co.,* 78 R. I. 505, 82 A.2d 893; *Paolino* v. *McKendall,* 24 R. I. 432, 53 A. 268. Rhode Island is one of but seven states[2] which has rejected the rule or any qualification thereof. Prosser, *Torts* (3d ed.) §59 at 373 n. 44. In *Paolino* (1902), this court declared that it could find no satisfactory reason to make a distinction between the duty owed by a landowner to a trespasser be he a child or an adult.

This observation is somewhat at odds with other subsequent sentiments expressed by this court where we recognized that the acts of a child are not to be measured by the same standard that is employed when judging the acts of an adult. The degree of care to be exercised by children of tender years, we have said, is that degree of care which children of the same age, education and experience would be expected to exercise in similar circumstances. *See Rosenthal* v. *United Electric Rys.,* 79 R. I. 11, 82 A.2d 830; *Millikin* v. *Weybosset Pure Food Market,* 71 R. I. 312, 44 A.2d 723.

Recently, in *Kolc* v. *Maratta,* 108 R. I. 623, 278 A.2d 410, we ruled that it was error to give a jury the charge on sudden emergency. In *Kolc,* the defendant motorist was approaching a group of young school children who were standing on the sidewalk under the supervision of a crossing guard as they waited to cross the highway. The seven-year-old plaintiff ran onto the roadway and collided with

---

[2]The others are Maine, Maryland, Massachusetts, New Hampshire, Ohio and Vermont.

the defendant's automobile. We said that it was a jury question as to whether a reasonably prudent person should have perceived the likelihood of a child darting across the street.

Although it is unreasonable to require a landowner to provide for the safety of an unwanted intruder when that intruder is a child, such a fact justifies a closer look at the respective rights of the landowner and those of the young trespasser. A young child cannot, because of his immaturity and lack of judgment, be deemed to be able to perceive all the dangers he might encounter as he trespasses on the land of others. There must and should be an accommodation between the landowner's unrestricted right to use of his land and society's interest in the protection of the life and limb of its young. When these respective social-economic interests are placed on the scale, the public's concern for a youth's safety far outweighs the owner's desire to utilize his land as he sees fit. *See Strang* v. *South Jersey Broadcasting Co.*, 9 N. J. 38, 86 A.2d 777. The Restatement rule is a reasonable compromise between the conflicting interests. It represents our view as to what the law in this area should be and we hereby adopt it. All other rulings inconsistent herewith are hereby overruled.

In adopting the Restatement rule, we emphasize that the possessor of land is not the insurer of the safety of the young trespasser. When, however, he knows or should know that children are likely to trespass upon a part of the property on which he maintains an artificial condition which is likely to be dangerous to them, he may be liable for the harm resulting to them. *Wolfe* v. *Rehbein*, 123 Conn. 110, 193 A. 608. The Restatement affords relief to the young trespasser if he shows (a) the possessor knows or has reason to know that young children are likely to trespass where the condition exists; (b) the condition is one which he knows or has reason to know and which he

realizes or should realize involves an unreasonable risk of death or serious injury to such children; (c) the child because of his youth does not discover the condition or realize the risk involved in intermeddling with it or coming within the area made dangerous by it; (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to the children; and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect the children. It is plaintiffs' burden to satisfy all five requirements of the rule.

First National argues that if we accept the Restatement rule, there is no liability because the shopping cart is not an "artificial condition upon the land" as that term is used in the rule. It contends that only a condition which is inherently dangerous comes within the purview of the rule and First National declares that there is nothing inherently dangerous about its shopping carts. Many jurisdictions are in accord with this contention. *Crawford* v. *Cox Planing Mill & Lumber Co.*, 238 Ark. 588, 383 S.W.2d 291; *Brittain* v. *Cubbon,* 190 Kan. 641, 378 P.2d 141; *Walker* v. *Sprinkle,* 267 N. C. 626, 148 S.E.2d 631; *Holland* v. *Niemi,* 55 Wash. 2d 85, 345 P.2d 1106. We believe, however, that liability under the rule should not be predicated upon the inherent danger of the condition or object. Such an inflexible guide ignores the reason for the rule. The more rational and realistic approach is to consider the injuring mechanism or condition together with the age and sophistication of the child. *Garcia* v. *Soogian,* 52 Cal.2d 107, 338 P.2d 433; *Davis* v. *McDougall,* 94 Idaho 61, 480 P.2d 907; *Trobiani* v. *Racienda,* 95 Ill.App. 2d 228, 238 N.E.2d 177; *Pocholec* v. *Giustina,* 224 Ore. 245, 355 P.2d 1104; Prosser, *Torts* (3d ed.) §59 at 379. In comment *1* in discussing condition (b) at 204 the Restatement says:

> "A condition existing upon the land may be dangerous even to adult trespassers if it is unlikely to be dis-

covered by the attention to be expected of them or is of such a character that, although discovered, the risk involved in it is unlikely to be recognized by an adult of ordinary experience and judgment. *The peculiar danger to children involved in such a condition does not lie in the character of the condition, but in the fact that children are known to be far more prone to trespass than are adults."* (Emphasis ours.)

First National claims that the shopping cart is essential to the successful operation of its Central Falls store and that this factor far outweighs the threat of injury that might be prevented when a child trespasser, such as Tamara, comes onto its parking lot. Such a view misconceives the entire rationale of the rule in that it fails to make a proper accommodation between Tamara's safety and First National's profits. Section 339 recognizes that a possessor of a business does not have to assume an impossible burden in order to make his premises reasonably safe for the trespassing child. *Bosin* v. *Oak Lodge Sanitary District,* 251 Ore. 554, 447 P.2d 285; *Powell* v. *Ligon,* 334 Pa. 250, 5 A.2d 373. In the case at bar, the jury is entitled to decide whether it would be economically prohibitive if the supermarket had, prior to Tamara's tumble, instituted a simple and inexpensive system designed at keeping the lot cart-free during the time it was closed for business. One suggestion offered by plaintiffs is a pick-up delivery procedure designed to keep the carts within the confines of the store. Another was the construction of a fenced-in area wherein the weekend shopper could return his cart.

We must point out that if a minor plaintiff has satisfied all the conditions of the rule, the landowner or possessor may not be absolved from liability because the condition complained of might have been caused by a third party. The Restatement makes it quite clear that it is not necessary that the condition be created by the possessor of the land but liability may arise from the actions of a third

party. The condition could be created by an adjoining landowner or even by a trespasser. The emphasis is on the question of whether or not the defendant knows or had reason to know of the condition. Prosser, *Trespassing Children*, 47 Calif. L. Rev. 427 at 447; Restatement (Second) *Torts* §339, comment (d) at 199.

Summary judgment is never granted where there exists a genuine issue of fact. On the record before us there are questions of negligence, proximate cause, intervening cause and contributory negligence[3] to be resolved by the jury. The rule of law adopted here is applicable to Tamara's and her father's suit and to all injuries (and consequential damages arising therefrom) occurring sixty days after the date of the filing of this opinion which come within the purview of §339. We have here, as we did in *Rampone* v. *Wanskuck Buildings, Inc.*, 102 R. I. 30, 227 A.2d 586, imposed a sixty-day waiting period for the future implementation of this decision so as to afford all interested parties a reasonable opportunity to become aware of this decision and be guided accordingly.

The plaintiffs' appeal is sustained. The judgment appealed from is vacated and the case is remitted to the Superior Court for further proceedings.

*George Nazarian, Robert R. Nocera,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Frederick A. Reardon,* for defendant.

---

[3]In *Pocholec* v. *Giustina, supra,* the Oregon Supreme Court said that although the expectation test of condition (b) and the realization test of clause (c) were satisfied, a nine-year-old boy's estate might be denied recovery because while he might not have realized the danger involved, his contributory negligence remained a question for the jury because he still might have failed to exercise the care which children of his age, intelligence and experience are required to exercise for their own protection. There is also the question of the father's contributory negligence as he sues for consequential damages.