Elaine BATEMAN, as mother and next friend of Anthony Rodrigues

v.

Judith MELLO.

No. 91–614–Appeal.

Supreme Court of Rhode Island.

Dec. 17, 1992.

Thomas W. Pearlman, Pearlman & Vogel, Pawtucket, for plaintiff.

Brenda C. Harrigan, Jeanne LaFazia, Gunning, LaFazia & Gnys, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before us on appeal by the plaintiff from a Superior Court decision granting the defendant's motion for a directed verdict. The plaintiff, Elaine Bateman, as mother and next friend of Anthony Rodrigues (Anthony), claims that the trial justice erred (1) by excluding the testimony of the plaintiff's safety engineer regarding whether the condition in question constituted an attractive nuisance and (2) by granting the defendant's motion for a directed verdict at the close of the plaintiff's case. For the reasons stated herein, we deny the plaintiff's appeal. Since one of the issues before us is the correctness of the directed verdict, our narrative must be based upon a view of the evidence in the light most favorable to the plaintiff. *See Brenner Associates, Inc. v. Rousseau,* 537 A.2d 120, 123 (R.I.1988).

The defendant, Judith Mello, owns a parcel of land directly across the street from plaintiff's residence in the city of East Providence. Situated on this property is a concrete building that defendant uses as a dance studio. Surrounding the dance studio is a large parking area that neighborhood children customarily use as a playground. At one corner of the building is a thirteen-foot metal pipe arising from the ground and running vertically to the roof. This pipe was installed by the Providence Gas Company in 1968 and is used to carry natural gas from an underground source to air-conditioning and heating units on defendant's roof. The gas pipe, including installation material, is three inches in diameter and is situated some six inches away from the wall. Located at the top of the pipe is a timer-activated spotlight that defendant had installed for the purpose of illuminating the parking lot. The defendant was aware that local children used her property

as a playground and, in fact, had warned Anthony to stay off her property after witnessing him on her roof a year prior to the incident underlying this litigation.

The episode in question occurred on April 16, 1986, when Anthony and his friends were playing a game of manhunt, the object of which was to hide oneself and avoid discovery by the other players. Believing that no one would think to look for him on the roof of defendant's dance studio, Anthony climbed up the gas pipe and hid on the roof. When no one looked for him on the roof, Anthony decided to climb down by way of the pipe. Anthony began his descent by grasping the pipe and putting his feet against the building to enable him to walk down the wall vertically. As he began to descend, the spotlight at the top of the pipe was activated by a preset timer that defendant had programmed. Startled by the sudden illumination, Anthony lost his grip on the pipe and fell to the pavement.

The plaintiff brought suit against defendant for injuries sustained by her son, Anthony. The plaintiff argued that the existence of the gas pipe in an area frequented by children constituted an attractive nuisance. The plaintiff further claimed that the timer-activated spotlight aggravated the condition by making the pipe even more dangerous to children. At trial plaintiff offered a safety engineer to testify that the pipe, in its condition, constituted an inherently dangerous and foreseeable hazard that would be attractive to children. The trial justice refused to permit this testimony and, at the close of plaintiff's case, granted defendant's motion for a directed verdict.

I

THE TRIAL JUSTICE CORRECTLY EXCLUDED THE TESTIMONY OF PLAINTIFF'S SAFETY ENGINEER

■ Determinations of trial justices regarding the competency of expert witnesses have traditionally been afforded great latitude. "The test of qualification as an expert witness lies in the sound discretion of the trial justice, and his or her determi-

nation in this regard will not be disturbed in the absence of clear error or abuse." *Cobe v. Hersey*, 576 A.2d 1226, 1232 (R.I. 1990). In the case at hand plaintiff offered safety engineer Dr. Eric Spencer to testify that the pipe and the spotlight together constituted a hazardous condition that would be attractive to children. Doctor Spencer had been employed as a safety engineer for over thirty-two years and at the time of trial was a certified safety professional and control manager for the Woods Hole Oceanographic Institute of Woods Hole, Massachusetts.

■ After reviewing the trial record, we find that the trial justice, who held a sidebar discussion regarding Dr. Spencer's intended testimony, did not abuse his discretion in ruling that Dr. Spencer was "totally unqualified" to testify as an expert. Doctor Spencer failed to provide evidence of any involvement with the safety of children. His past occupational activity consisted solely of ensuring the safety conditions of work places and college campuses. Doctor Spencer did not have any training in child psychology, nor did he have any experience in determining what is or is not "attractive" to minor children.

■ Furthermore, even if Dr. Spencer were qualified to testify as an expert, his opinions and conclusions were properly excluded on the grounds that his testimony would not have assisted the trier of fact. This court has repeatedly stated:

"The jury will benefit from expert testimony 'when the subject matter of the inquiry is one involving special skills and training beyond the ken of the average layman. If all the facts and circumstances can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as is the expert, there is no necessity for the expert testimony.'" *State v. Castore*, 435 A.2d 321, 326 (R.I. 1981) (quoting *Barenbaum v. Richardson*, 114 R.I. 87, 90–91, 328 A.2d 731, 733 (1974)).

In the case at bar all the facts and the circumstances of the pipe's alleged condition were accurately described by defendant, plaintiff, and plaintiff's two witnesses. Additionally, several photographs of the accident scene were introduced as full exhibits. The jury was clearly capable of comprehending such facts and concluding whether the pipe constituted an attractive nuisance. There was no need for an expert's testimony. Thus we find that the trial justice was correct in sustaining defendant's objection and excluding the testimony of Dr. Spencer.

## II

## THE TRIAL JUSTICE CORRECTLY GRANTED DEFENDANT'S MOTION FOR A DIRECTED VERDICT

In *Haddad v. First National Stores, Inc.,* 109 R.I. 59, 280 A.2d 93 (1971), this court adopted the attractive-nuisance doctrine enunciated in the Restatement (Second) *Torts* § 339 (1965). Although we emphasized that a possessor of land is not the insurer of young trespassers, we held that a landowner might be liable if he or she knows or should know that children are likely to trespass upon a part of his or her property that contains an artificial condition that may be dangerous to children. According to *Haddad,* a young trespasser is entitled to relief if he or she shows:

"(a) the possessor knows or has reason to know that young children are likely to trespass where the condition exists; (b) the condition is one which he knows or has reason to know and which he realizes or should realize involves an unreasonable risk of death or serious injury to such children; (c) the child because of his youth does not discover the condition or realize the risk involved in intermeddling with it or coming within the area made dangerous by it; (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to the children; and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise protect the children. It is the plaintiffs' burden to satisfy all five requirements of the rule." *Id.* at 64–65, 280 A.2d at 96–97.

In light of *Haddad*, plaintiff contends that defendant knew that local children both played in her parking lot and had been up on her roof in the past and, therefore, should have realized that the pipe caused an unreasonable risk of serious injury to children. Although we agree that defendant could reasonably expect neighborhood children to be upon her premises, we find that defendant had no reason to foresee that the gas pipe might be dangerous or involve an unreasonable risk of serious injury to them. The pipe and the spotlight are not, in and of themselves, inherently dangerous objects. The gas pipe served a useful purpose, and prior to Anthony's accident no one had ever fallen from the pipe. In fact Anthony testified that it was not the pipe that had caused him to fall. He fell because the sudden illumination of the preset spotlights startled him and caused him to lose his grip on the pipe. We find it hard to believe that defendant could have foreseen that Anthony, or anyone else for that matter, would be climbing off her roof by way of the gas pipe at the exact moment the spotlight was activated by the preset timer. We are of the opinion that such a coincidental string of happenings could not, under any test of reasonable foreseeability, have been anticipated by defendant.

Finally, we believe that a decision pronouncing that a pipe on the side of a building constitutes an attractive nuisance would create devastating implications for landowners. Such a decision would, in effect, transform property owners into absolute insurers of all children who might enter upon their land. Every landowner would be under a duty to remove anything and everything that a child might be attracted to climb on, including trees, downspouts, and pillars. We have no intention of invoking such a rule of absolute liability.

Thus, after viewing the evidence in a light most favorable to the plaintiff, we find that the trial justice did not err in granting the defendant's motion for a directed verdict.

We therefore deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court. The papers in the case are remanded to the Superior Court.